UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAWRENCE WILSON | CIVIL ACTION |
| VERSUS | NO. 04-2424 |
| SHERIFF HUNTER, J. HAM, ET AL | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

## ORDER AND REASONS

This matter is before the undersigned United States Magistrate Judge upon consent of the parties pursuant to **Title 28 U.S.C. § 636(c)**.[1] Having reviewed the pleadings, the Court has determined that this matter can be resolved without an Evidentiary Hearing.

I.  **Factual and Procedural Background**

The plaintiff, Lawrence Wilson ("Wilson"), was an inmate housed in the Orleans Parish Prison system ("OPP") at the time of the filing of this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[2] Wilson filed this suit against former Orleans Parish Sheriff William Hunter, OPP Medical Administrator J. Ham, Dr. Campbell, Dr. Gautreaux, Dr. M. Dileo, and Dr. Caldwell, alleging that he was denied adequate medical care while housed in OPP. Specifically,

---

[1] Rec. Doc. No. 22, 42.

[2] Wilson has since notified the Court of his release from prison. Rec. Doc. No. 30.

Wilson alleged that he was not provided with proper medical attention for Cutaneous[3] T-cell Lymphoma[4] ("CTCL"), a potentially fatal form of cancer that inhibits the body's ability to fight bacteria which can lead to other skin disorders.

On August 17, 2006, the undersigned dismissed Wilson's claims against former Orleans Parish Criminal Sheriff William Hunter and ordered the Clerk of Court to serve summons on the remaining defendants.[5] The remaining defendants, Ham, Campbell, Gautreaux, Dileo, and Caldwell filed a Motion for Summary Judgment seeking dismissal of the medical indifference claims urged against them.[6]

In the meantime, on March 29, 2006, the *pro se* plaintiff, Lawrence Wilson, notified the Court that he had been released from prison and was residing at 1104 Crape Myrtle Drive, #32, Harvey, Louisiana, 70058.[7] On April 18, 2007, the Court issued an order setting a Scheduling Conference for 1:30 p.m. on June 21, 2007, to set pretrial and trial dates.[8] The Clerk of Court mailed a copy of this Order to Wilson at the Harvey, Louisiana address. The envelope containing the Order was returned by the United States Post Office marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."[9]

---

[3] Cutaneous means relating to the skin. *Stedman's Medical Dictionary*, 27th Ed., p. 440 (Lippincott, Williams & Wilkins) ("*Stedman's*").

[4] T-cell Lymphoma is an acute or subacute disease associated with a human T-cell virus. *Stedman's*, p. 1046.

[5] Rec. Doc. Nos. 34, 35.

[6] Rec. Doc. No. 41.

[7] Rec. Doc. No. 30.

[8] Rec. Doc. No. 43.

[9] Rec. Doc. No. 44.

On June 20, 2007, the undersigned issued an Order cancelling the scheduling conference. The Court also ordered Wilson to show cause why his case should not be dismissed for failure to prosecute and for failure to notify the Court of his current address.[10] The Clerk of Court mailed a copy of the order to Wilson and the envelope has not been returned as undeliverable. Wilson has not contacted the Court or provided the Court with another address.

**II.     Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. *See* Fed. R. Civ. P 41(b). A Rule 41(b) dismissal is considered an adjudication on the merits. *Id.* In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

The Clerk of Court sent a copy of the Court's Orders to Wilson at the address he provided to the Court. The Uniform Louisiana Local Rules applicable to this Court require that a plaintiff provide the Court with a current address or face dismissal of the case without further notice. *See* L.R. 41.3.1E.

Wilson has not notified the Court of a change of address or any other means of contacting him. He also has failed to reply to the Court's Show Cause Order. Accordingly, dismissal of

---

[10]Rec. Doc. No. 45.

Wilson's § 1983 complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case. The defendants' pending Motion for Summary Judgment is therefore moot. Accordingly,

**IT IS ORDERED** that the defendants' **Motion for Summary Judgment (Rec. Doc. No. 41)** is **DISMISSED WITHOUT PREJUDICE** as moot.

**IT IS ORDERED** that Lawrence Wilson's Title 42 U.S.C. § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

New Orleans, Louisiana, this __19th__ day of __July__, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**